CARL EPPING, plaintiff in error, *vs.* PATRICK MOCKLER *et al.*, defendants in error.

1. As a general rule, parol evidence is sufficient to show title to personal property, but where the interest which the party in possession has in the personalty, whether one-half, or any aliquot part, or the whole, is of the very essence of the suit, and absolutely necessary to fix the amount of the recovery, and

Epping *vs.* Mockler *et al.*

where it appears that the party in possession purchased from another, and held title from the other in writing, showing the quantity of his interest in the property, the written bill of sale is the best evidence, and parol evidence is inadmissible to show the title. In such case the possession is controlled and limited by the writing.

2. Especially should this exception to the rule be adhered to in the case of a ship or steamboat, the registry of the bill of sale to which, under the laws of the United States, is necessary to entitle the owner to immunities and privileges denied to other vessels.

BLECKLEY, Judge, dissenting.

1. Whether a claimant of property has title simply, or whether he has derived title from a prior owner, are two different questions. The former is a general, the latter a more special and particular question. Where mere ownership is sufficient for the purpose in hand, without respect to how or from whom it was acquired, it is enough that the claimant can show any *indicia* which the law regards as significant of ownership. But where title is to be traced from some definite source, if one or more links be in writing, the writing must be produced or accounted for, not solely because it is the best evidence of title, but because it is the best evidence of certain parts of that particular chain of title which is sought to be established. If, in the given case, that chain must be made out and nothing else will serve, then, the non-production of the writing, admitted to exist and to be accessible, will be fatal. But if the attempt to trace that chain, or any other, was needless in the beginning, the failure simply leaves the party where he was before the attempt was made. He can abandon it as fruitless, and stand upon the general presumption which the law annexes to his own possession and acts of ownership.

2. Possession of personal property by one claiming and treating it as his own, is not only *prima facie* evidence of unqualified title, but better evidence than a bill of sale, unless the latter is supported by some evidence of prior title in the vendor. The vendor's title to personal property may be made out by possession, and so may the vendees. At last, the title to a ship must have root somewhere in parol; otherwise it would be requisite to go back and show who employed the shipwright, and produce some written contract under which he wrought.

Title. Personalty. Evidence. Before Judge TOMPKINS. McIntosh Superior Court. April Term, 1875.

Reported in the opinion.

JACKSON, LAWTON & BASINGER; L. E. DeLORME, for plaintiff in error.

HARTRIDGE & CHISHOLM; W. R. GIGNILLIAT, for defendants in error.

WARNER, Chief Justice.

The plaintiff in this case filed his declaration against the defendants founded on an attachment, in which he alleged the defendants were indebted to him $5,000 00, for salvage in rescuing a certain vessel called the "Frank Younger," from danger of being wrecked, the same being the property of defendants. The plaintiff alleged in his declaration, that the steamtug Starlight, being then and there his property, and under the command of a master employed by him and being his agent, went to the assistance of said vessel and rescued her from the perils of her situation, etc.

On the trial of the case, the plaintiff offered in evidence a bill of sale from his vendor to him, for the steamtug Starlight, as *evidence* that the said steamtug was *his property*, which bill of sale had not been proven and recorded so as to authorize its admission in evidence, nor was its execution proved by the subscribing witness thereto, and the court ruled it out. The plaintiff then offered to prove by *parol* that he was the owner of the steamtug Starlight, at the time the salvage service was rendered; that she was in his possession, and that he was exercising acts of ownership over her and using her for his benefit at that time. This *parol* evidence of the ownership of the steamtug Starlight by the plaintiff, was ruled out, because, as the presiding judge certifies it was admitted that the contract for the sale of the steamtug Starlight to the plaintiff was in *writing*. No other evidence of *ownership* was offered, and the defendants made a motion for a non-suit, which was granted by the court, and the plaintiff excepted.

The bill of sale of the steamtug, which was before the court, and admitted to be in *writing*, was the highest and best evidence of the plaintiff's ownership thereof, which fact he sought to prove: Code, sections 3760–3762. The plaintiff,

Epping *vz*. Mockler *et al*.

however, contended here that it was not necessary to entitle him to recover against the defendants, that he should prove that the steamtug was *his property;* that having the possession and control of her, would be sufficient without other proof of ownership. How that might have been if the plaintiff had not alleged in his declaration that the steamtug was *his property*, and had not offered to prove his ownership thereof by the exhibition of his written evidence of title thereto before the court, it is not now necessary to decide. The plaintiff sought to recover compensation for salvage from the defendants, by reason of having exposed his *own property* to risk and danger in order to save theirs, and the fact that the steamtug was his individual property, which had been exposed to danger to save the defendant's vessel, would necessarily constitute a material element in assessing the amount of his compensation. If the plaintiff had only a qualified interest in the steamtug which had been exposed to risk and danger for the benefit of defendants, then the amount of his recovery would be qualified accordingly. But the plaintiff alleges in his declaration that the steamtug which was exposed to risk and danger in saving the defendant's vessel, was *his property*, and having alleged that fact, and it being a material fact in estimating the amount of his recovery, he should have been required to prove that allegation at the trial, by the highest and best evidence in his power to produce, and as it was apparent to the court that the evidence of the plaintiff's ownership of the steamtug, as produced by himself, was in *writing*, there was no error in refusing to allow the plaintiff to prove his ownership of the steamtug by *parol* under the statement of facts in this case. There was no error in granting the non-suit on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.

BLECKLEY, Judge, dissented as set forth in the head-notes.